IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

|  |  |  |
|---|---|---|
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civ. No. 17-00347 ACK-KSC |
| | ) | |
| MARIANNE KLOSTERMAN; | ) | |
| KLAUS P. KLOSTERMAN; | ) | |
| GALAXY AQUATICS, INC.; JOHN | ) | |
| DOES 1-10; JANE DOES 1-10; | ) | |
| DOE CORPORATIONS 1-10; DOE | ) | |
| PARTNERSHIPS 1-10; DOE | ) | |
| ASSOCIATIONS 1-10; DOE | ) | |
| GOVERNMENTAL UNITS 1-10; and | ) | |
| DOE ENTITIES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING THE KLOSTERMAN DEFENDANT'S SECOND MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

For the reasons set forth below, the Court GRANTS the Klosterman Defendants' Second Motion to Dismiss, ECF No. 18. The Court dismisses Counts 1 and 2 as to the Klosterman Defendants in the FAC WITHOUT PREJUDICE.

**FACTUAL BACKGROUND**

On approximately July 11, 2003, Defendants Marianne Klosterman and Klaus P. Klosterman ("Klosterman Defendants"), on behalf of Galaxy Aquatics, Inc. ("Galaxy" and together with the Klosterman Defendants, "Defendants"), applied for a business loan line of credit (the "Application") with Wells Fargo Bank, N.A. ("Wells Fargo" or "Plaintiff"). First Amended Complaint

1

("FAC") ¶ 8. Within the Application, there was a section entitled "Agreement and Personal Guarantee" in which the Klosterman Defendants agreed to "jointly and severally unconditionally guarantee and promise to pay [Wells Fargo] all indebtedness of [Galaxy] at any time arising under or relating to any credit requested through this application, as well as any extensions, increases or renewals of that indebtedness." Id. ¶¶ 10-11.

Wells Fargo tendered performance according to the Application by advancing funds to Galaxy. Id. ¶ 13. On approximately November 4, 2013, Galaxy defaulted by failing to make the required payment due under its business line of credit account. Id. ¶ 14.

On approximately August 14, 2014, Wells Fargo made separate demands of Galaxy and each of the Klosterman Defendants to make full payment of the amount due under the business line of credit account. Id. ¶ 17. Despite these demands, Defendants have failed to pay such sums. Id. ¶ 18. Currently, the amount due is $75,679.34. Id. ¶ 16.

**PROCEDURAL BACKGROUND**

On July 20, 2017, Plaintiff filed its Complaint against Defendants alleging claims for breach of contract and quantum meruit. ECF No. 1. On August 16, 2017, the Klosterman Defendants filed a Motion to Dismiss for Failure to State a

Claim. ECF No. 14. On September 6, 2017, in response to the Motion to Dismiss, Plaintiff filed the FAC, which also alleges claims for breach of contract and quantum meruit. ECF No. 16.

On September 20, 2017, the Klosterman Defendants filed a Second Motion to Dismiss for Failure to State a Claim Against Defendants Marianne and Klaus P. Klosterman ("Motion"). ECF No. 18. On October 6, 2017, Plaintiff filed an Opposition to the Motion. ECF No. 21. On October 16, 2017, the Klosterman Defendants filed a Reply. ECF No. 25.[1] The Court held a hearing on the Motion on October 30, 2017.

## **STANDARD**

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss a complaint that fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court may dismiss a complaint either because it lacks a cognizable legal theory or because it lacks sufficient factual allegations to support a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

---

[1] On October 9, 2017, Plaintiff filed a Motion for Entry of Default against Galaxy. ECF No. 22. On October 10, 2017, the Clerk entered default against Galaxy. ECF No. 23.

1988).

In resolving a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 783 (9th Cir. 2012). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

When the Court dismisses a complaint pursuant to Rule 12(b)(6) it should grant leave to amend unless the pleading cannot be cured by new factual allegations. OSU Student All. v. Ray, 699 F.3d 1053, 1079 (9th Cir. 2012).

## DISCUSSION

### I. Whether the FAC Alleges a Plausible Breach of Contract Claim Against the Klosterman Defendants

Defendant argues that Plaintiff's FAC fails to state a claim against the Klosterman Defendants because it fails to

4

allege the terms of the agreement between Plaintiff and Galaxy that were breached.

To analyze this issue, the Court must first determine which state's substantive law applies. In a diversity case, a federal court ordinarily applies the choice of law rules of the state in which it sits. Allied World Surplus Lines Ins. Co. v. Hawaii Med. Serv. Ass'n, Civ. No. 17-00156 HG-RLP, 2017 WL 4286306, at *4 (D. Haw. Sept. 27, 2017). Hawaii courts resolve conflict of law issues by deciding which state has the strongest interest in seeing its law applied to a particular case. Lewis v. Lewis, 69 Haw. 497, 499, 748 P.2d 1362, 1365 (1988). The Hawaii Supreme Court discussed its choice of law jurisprudence in Mikelson v. United Serv. Auto. Ass'n, 107 Haw. 192, 111 P.3d 601 (2005). The Mikelson court stated:

> This court has moved away from the traditional and rigid conflict-of-laws rules in favor of the modern trend towards a more flexible approach looking to the state with the most significant relationship to the parties and subject matter. This flexible approach places primary emphasis on deciding which state would have the strongest interest in seeing its laws applied to the particular case. Hence, this court has said that the interests of the states and applicable public policy reasons should determine whether Hawaii law or another state's law should apply. The preferred analysis . . . would be an assessment of the interests and policy factors involved with a purpose of arriving at a desirable result in each situation.

5

107 Haw. at 198, 111 P.3d at 607 (internal citations, brackets, and quotation marks omitted).

Although the allegations in the FAC are sparse on this issue, the Court finds that Texas law applies for the purposes of this Order. The FAC states that Wells Fargo is a citizen of South Dakota and the Klostermans are citizens of Hawaii. FAC ¶¶ 1, 2. However, Galaxy is a Texas corporation and its last principal place of business was in Texas. Id. ¶ 4. The Klostermans listed Texas addresses for themselves and Galaxy on the Application. Id., Ex. 1. The bills for the line of credit and collection notices were sent to Galaxy's address in Texas. Id., Ex. 3. The Court, therefore, finds that based on the facts alleged in the FAC and the attached exhibits, Texas has the greatest interest in this case.[2]

For Wells Fargo to recover on its breach of the guaranty contract against the Klostermans, it must prove: "(1) the existence and ownership of the guaranty contract, (2) the terms of the underlying contract by the holder, (3) the occurrence of the conditions upon which liability is based, and (4) the failure or refusal to perform the promise by the guarantor." Gold's Gym Franchising LLC v. Brewer, 400 S.W.3d 156, 160 (Tex. App. 2013) (internal quotation marks and citation

---

[2] The Court also notes that the parties discuss Texas law in their briefs.

omitted).³

The FAC plausibly alleges the first and fourth elements of a breach of guaranty claim. Plaintiff attaches the guaranty contract to its FAC and discusses the relevant terms—the Klosterman Defendants agreed to "jointly and severally unconditionally guarantee and promise to pay [Wells Fargo] all indebtedness of [Galaxy] at any time arising under or relating to any credit requested through this application, as well as any extensions, increases or renewals of that indebtedness." FAC ¶ 11. The FAC alleges that despite Wells Fargo's demands to make

---

³ At the hearing, Plaintiff cited to 84 Lumber Co., L.P. v. Powers, 393 S.W.3d 299 (Tex. App. 2012) and stated that Plaintiff did not need to allege the terms of the underlying contract by the holder to plausibly allege a breach of guarantee claim under Texas law. The Court does not find Plaintiff's reference to 84 Lumber Co. persuasive. 84 Lumber Co. contains one sentence in dicta that the corporate president's signature to a guaranty contract on a credit application created both corporate liability and individual liability for the debt of the corporation. 393 S.W.3d at 306. However, whether the credit application itself constituted the underlying terms of the contract was not at issue in the case, rather the defendant claimed that there was some ambiguity with regard to whether the corporation's president signed the application just as a corporate officer. Furthermore, at the hearing, Plaintiff's counsel could not confirm that the Application here consisted of both the underlying contract and the guaranty contract.

In addition, 84 Lumber Co. cites to Austin Harwoods, Inc. v. Vanden Berghe, 917 S.W.2d 320 (Tex. App. 1995) in the aforementioned discussion. The Court also finds Austin Harwoods distinguishable because the agreement contained in the credit application contained a clause stating, "We fully understand your credit terms and agree to the proper payment in consideration of extended credit." Id. at 323. The agreement in the Application in this case does not contain this or a similar clause.

7

full payment of the amount secured by the business line of credit, Defendants have failed to pay such sums. Id. ¶¶ 17-18. The statements for the business line of credit attached to the FAC show the amount Galaxy owed to Wells Fargo and the interest rate. Id., Ex. 3.

The Court finds the issue of whether Plaintiff has adequately alleged the second and third requirements to be a closer call. The Klosterman Defendants argue that Plaintiff has failed to properly allege a breach of the business line of credit agreement because Plaintiff has failed to allege any contractual provisions, much less any provisions that were breached. The Klosterman Defendants accurately assert that breach of the business line of credit agreement is required to trigger the Plaintiff's claim related to the guaranty.

Although Plaintiff alleges that on or about November 4, 2013, Galaxy defaulted by failing to make required payments it owed to Wells Fargo under its business line of credit, Plaintiff fails to discuss the specific contractual provision that Galaxy violated. Id. ¶ 14. "To allege a breach of contract claim, the complaint must, at a minimum, cite the contractual provision allegedly violated." Flynn v. Marriott Ownership Resorts, Inc., 165 F. Supp. 3d 955, 980 (D. Haw. 2016). Courts in this District follow a strict pleading standard on this issue. See Schwartz v. Bank of Am., N.A., Civ.

No. 12-00525 KSC, 2013 WL 12132070, at *4 (D. Haw. Jan. 7, 2013) (stating that defendants are not required to connect the dots through inference or search through the Complaint's multiple exhibits to determine what provision Plaintiffs assert is violated); Gaspar v. Bank of Am., N.A., No. CIV 10-00323 JMS/BMK, 2010 WL 4226466, at *3 (D. Haw. Oct. 18, 2010) (stating that to allege a plausible breach of contract claim the complaint must include "particularized allegations" regarding the contractual provision allegedly violated).

The FAC does not allege any provisions in the underlying agreement related to the business line of credit. The FAC does not clearly state that the agreement contained in the loan application or the Application itself constitutes the terms of the business line of credit.[4] In addition, the FAC alleges that in the agreement section of the Application, it states, "I acknowledge that (i) this application is subject to final approval of the Applicant and its owners, and that (ii)

---

[4] The Court notes that Plaintiff's definition of the Business Line of Credit Agreement in the FAC is unclear. Plaintiff defines the application for a business loan line of credit as the Business Line of Credit Agreement. See FAC ¶ 8. However, the agreement featured in the application for the business line of credit is related to the terms of the application and the guarantee and does not have material terms regarding the line of credit, such as its amount and interest rate. In addition, as discussed herein, at the hearing, Plaintiff could not confirm that the Application constituted the agreement related to the business line of credit.

9

additional information (i.e. financial statements and/or tax returns) may be required in order for the Bank to make a final credit decision." FAC ¶ 10. This allegation indicates that there may be an additional agreement related to the business line of credit. At the hearing, Plaintiff also could not point the court to the terms of the underlying agreement related to the line of credit. Accordingly, the Court grants the Klosterman Defendants' Motion in regard to the breach of contract claim and dismisses this claim without prejudice. If, in fact, it is Plaintiff's position that the Application constitutes both the business line of credit agreement between Wells Fargo and Galaxy and the guaranty agreement between Wells Fargo and the Klostermans, which might be correct but has not been sufficiently alleged, the Court directs Plaintiff's counsel to attach an affidavit to its amended complaint from a pertinent representative of Wells Fargo supporting and explaining that position.

> **II. Whether Plaintiff Fails to State a Claim Because its Allegations Reveal a Statute of Frauds Affirmative Defense**

Plaintiffs ordinarily need not "plead on the subject of an anticipated affirmative defense." United States v. McGee, 993 F.2d 184, 187 (9th Cir. 1993). When an affirmative defense is obvious on the face of a complaint, however, a defendant can raise that defense in a motion to dismiss. Rivera

v. Peri & Sons Farms, Inc., 735 F.3d 892, 902 (9th Cir. 2013).

The Klosterman Defendants argue that a statute of frauds affirmative defense is obvious on the face of the FAC because Plaintiff fails to attach a written copy of an agreement for the business line of credit and does not even allege that it exists. Motion at 5. The Court disagrees.

This affirmative defense is not obvious on the face of the FAC. Plaintiff is not required to attach a copy of the writing on which its claim for relief is based. See Richards Indus. Park, LP v. FDIC, 572 F. App'x 499, 502-03 (9th Cir. 2014) ("'The provision for incorporation of exhibits in Rule 10(c) is permissive only, and there is no requirement that the pleader attach a copy of the writing on which his claim for relief or defense is based.'" (quoting 5A Charles Alan Wright, Miller & Kane, Federal Practice and Procedure § 1327 (3d ed. 2004)); Regents of the Univ. of California v. Aisen, Case No. 15-cv-1766-BEN (BLM), 2016 WL 1428072, at *7 (S.D. Cal. Apr. 12, 2016) ("The contract described in the claims does not have to be attached as an exhibit to the Cross-Complaint."). Defendants will have the opportunity to prove this affirmative defense during the course of the litigation.

In addition, federal pleading rules do not require a plaintiff to anticipate and plead facts in its complaint to avoid potential affirmative defenses. See Perry v. Merit Sys.

Prot. Bd., 137 S. Ct. 1975, 1986 n.9 (2017) ("In civil litigation, a release is an affirmative defense to a plaintiff's claim for relief, not something the plaintiff must anticipate and negate in her pleading."); Unique Functional Prod., Inc. v. JCA Corp., No. 9-CV-265-JM-MDD, 2012 WL 1416201, at *2 (S.D. Cal. Apr. 23, 2012) (noting that Plaintiff is not required to plead around anticipated affirmative defenses). Plaintiff, therefore, was not required to plead that the business line of credit agreement was in writing. The Court denies the Klosterman Defendants' Motion on this basis.

### III. Whether Plaintiff has Pled a Plausible Quantum Meruit Claim Against the Klosterman Defendants

Quantum meruit is an equitable remedy that does not arise out of contract but is independent of it. Shamoun & Norman, LLP v. Hill, 483 S.W.3d 767, 781 (Tex. App. 2016). Generally, a party may recover under quantum meruit only where there is no express contract covering the services or materials furnished. Id. To recover under quantum meruit, Plaintiff must establish: "(1) the valuable services rendered or materials furnished, (2) to the person sought to be charged, (3) which services or materials were accepted, used, and enjoyed by that person, (4) under such circumstances as reasonably notified the person sought to be charged that plaintiff was expecting to be paid." Id.

The Court finds that the FAC fails to allege a plausible quantum meruit claim against the Klosterman Defendants. The quantum meruit claim consistently alleges that there was an express contract. See, e.g., FAC ¶ 24 ("Pursuant to the Business Line of Credit Agreement, Wells Fargo tendered $75,679.34 to Galaxy as guaranteed by the Klostermans." (emphasis added)); id. ¶ 25 ("By the terms of the Business Line of Credit Agreement, Defendants were reasonably notified that Wells Fargo intended to be compensated for its services." (emphasis added)); id. ¶ 26 ("Defendants materially breached their obligations under the Business Line of Credit Agreement by virtue of, among other things, failing to pay the amounts due and owing under the Business Line of Credit Agreement." (emphasis added)). These allegations render the quantum meruit claim implausible as to the Klosterman Defendants because Plaintiff can only recover under a quantum meruit claim if there is no express contract.

Furthermore, although the FAC alleges that the Klosterman Defendants guaranteed the business line of credit to Galaxy, Plaintiff has not alleged that any money was loaned or furnished to the Klostermans directly or that the Klostermans accepted, used, and enjoyed any of the money outside their capacity as owners of Galaxy. Rather, the FAC alleges that money was tendered to Galaxy. Id. ¶ 24. Moreover, outside the

13

discussion of the guaranty contract, the FAC does not make any allegations that would allow the Klostermans to be personally liable for money loaned to Galaxy, such as through a veil-piercing theory.  Accordingly, the Court finds that Count 2 of the FAC fails to state a plausible claim as to the Klosterman Defendants.  The Court grants the Klosterman Defendants' motion to dismiss Count 2 and dismisses this claim without prejudice.

## CONCLUSION

For the reasons set forth below, the Court GRANTS the Klosterman Defendants' Second Motion to Dismiss, ECF No. 18. The Court dismisses Counts 1 and 2 as to the Klosterman Defendants in the FAC WITHOUT PREJUDICE.

Plaintiff must file an amended complaint within thirty days of the entry of this Order or else judgment will be entered against it.  Any amended complaint must correct the deficiencies noted in this Order or Plaintiff's claims may be dismissed with prejudice.

IT IS SO ORDERED

Date: Honolulu, Hawaii, November 15, 2017



Alan C. Kay
Sr. United States District Judge

Wells Fargo Bank, N.A. v. Klosterman, Civ. No. 17-00347 ACK-KSC, Order Granting the Klosterman Defendants Second Motion to Dismiss the First Amended Complaint